**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(*Southern Division*)**

| | |
|---|---|
| ANDREA LAMONT, LELA BURNETT, and MARY PARKER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEDRIVEU, INC., a/k/a DIAMOND TRANSPORTATION SERVICES, INC.,<br><br>Defendant. | Civil Case No. 8:26-cv-02889-PX |

## ***PRINCE* PLAINTIFFS' MOTION TO INTERVENE**

Plaintiffs Naomi Prince, Eugene Grier, Jr., and Timothy Wright (the "*Prince* Plaintiffs"), plaintiffs in *Prince v. Diamond Transportation Services*, No. 8:26-cv-01976-TJS, move to intervene in this action under Federal Rules of Civil Procedure 24(a) and 24(b) for the limited purpose of contesting the Rule 23(g) application filed by the *LaMont* Plaintiffs' counsel and filing their own Rule 23(g) application.

### I. The *Prince* Plaintiffs may intervene as of right.

Under Rule 24(a), on a "timely" motion, courts "must" permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(a)(2) requires intervention as of right when a timely applicant shows a significantly protectable interest in the subject matter of the action, that disposition of the action may as a practical matter impair or impede protection of that interest, and that the existing parties

do not adequately represent it. *See Scardelletti v. Debarr*, 265 F.3d 195 (4th Cir. 2001); *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991)).

All of these elements are met here. As for timeliness, the *Prince* Plaintiffs moved promptly after the *LaMont* Plaintiffs sought appointment of their counsel as sole interim class counsel and after Diamond filed its August 28, 2026, motion to consolidate the overlapping actions. See *Prince*, ECF No. 34 ¶ 1 & n.1. The cases remain at an early stage: there has been no class-certification ruling, no merits adjudication, no settlement, and the *Prince* scheduling deadlines were vacated while the Court coordinated with the judge presiding over *LaMont*. Id. at 2 n.1 (citing *Prince* ECF No. 33).

The *Prince* Plaintiffs also possess a direct, protectable interest in the subject matter of *LaMont*. They are affected by former Diamond employees asserting WARN claims arising from the same May 12, 2026 reduction in force and seeking relief for a substantially overlapping group of employees. See *Prince*, ECF No. 11 ¶¶ 18, 22; *LaMont*, ECF No. 1 ¶ 26. That interest may be practically impaired if *LaMont* counsel is appointed to control the overlapping putative class before the Court considers *Prince*'s broader 90-day aggregation theory, additional representatives, and distinct notice circumstances. Moreover, the *Prince* Plaintiffs have a protectable interest in continuing to be represented by the counsel of their choice. The *LaMont* Plaintiffs' counsel has threatened to impair that interest by their Rule 23(g) motion.

Finally, the *LaMont* Plaintiffs likewise do not adequately represent the *Prince* Plaintiffs on the issues that make intervention necessary. The *LaMont* Plaintiffs' counsel Rule 23(g) application signals unambiguously that counsel has no intention of protecting the *Prince* Plaintiffs' interest in the counsel of their choice. As for the merits of the parties' WARN Act claims, the divergence here

is not merely a disagreement over litigation tactics. *LaMont* affirmatively pleads a class limited to May 12 and the following 30 days, while *Prince* preserves WARN's statutory 90-day aggregation period. Compare *LaMont*, ECF No. 1 ¶ 26, with *Prince*, ECF No. 11 ¶ 22; see 29 U.S.C. § 2102(d). Moreover, the *Prince* Plaintiffs support consolidation of *Prince* and *LaMont*; the *LaMont* Plaintiffs oppose it. *See Prince*, ECF No. 34 ¶ 1. Those positions create concrete adversity over who will be represented and which WARN claims will be preserved.

## II. The *Prince* Plaintiffs may intervene by permission.

Under Rule 24(b), courts "may" permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact" where intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3). If the Court does not grant intervention as of right, it should permit the *Prince* Plaintiffs to intervene nevertheless.

The factual and legal overlap here is complete as to the central event. Both actions challenge the same May 12, 2026, reduction in force under the federal WARN Act and present common questions regarding the affected facilities, workers, notices and communications, WARN defenses, and damages. Diamond itself has moved to consolidate on precisely those grounds. See *Prince*, ECF No. 34 ¶¶ 2–5. Intervention therefore advances, rather than frustrates, judicial economy by allowing the Court to address the competing class definitions and Rule 23(g) positions in a single coordinated proceeding. *See, e.g.*, *Runion v. U.S. Shelter*, 98 F.R.D. 313 (D.S.C. 1983) (plaintiffs in one class action permitted to intervene in a separate, overlapping class action for the limited purpose of challenging the adequacy of the competing class representative).

Nor will intervention cause any undue delay or prejudice, as these cases are still in their earliest stages. To the contrary, intervention here will permit one coordinated resolution of the

leadership and consolidation issues and avoid the very duplication and inconsistent rulings Diamond's consolidation motion seeks to prevent.

**III. Rule 24(c) is satisfied.**

The motion is being served through CM/ECF. The *Prince* Plaintiffs' operative First Amended Class Action Complaint in *Prince v. Diamond Transportation Services, Inc.*, No. 8:26-cv-01976-TJS, sets out the claims for which intervention is sought and is attached as **Exhibit A**. *See* Fed. R. Civ. P. 24(c).

**CONCLUSION**

The Court should permit the *Prince* Plaintiffs to intervene in *LaMont* for the limited purpose of contesting the Rule 23(g) application filed by the *LaMont* Plaintiffs' counsel and filing their own Rule 23(g) application.

Dated: September 4, 2026

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV, *pro hac vice*
Mariah S. England, *pro hac vice*
STRANCH JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com
mengland@stranchlaw.com

*/s/ Duane O. King*_____________
Duane O. King (Fed. Bar No. 19430)
THE LAW OFFICES OF DUANE O. KING, PC
803 W. Broad Street, Suite 210
Falls Church, VA 22046
(202) 331-1963
dking@dkinglaw.com

*Attorneys for Prince Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV, *pro hac vice*